IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01012-SKC

EMERSON ADALBERTO GUEVARA GARCIA,

 Petitioner,

v.

PAMELA BONDI, *et al.*,

 Respondents.

## ORDER

Petitioner Emerson Adalberto Guevara Garcia is a citizen of El Salvador and a green-card applicant who is currently being detained at the Aurora Contract Detention Facility. Dkt. 1, ¶¶1, 2. He entered the United States as an unaccompanied minor without inspection in July 2014, and he has resided here continuously since then. *Id*. ¶18. Mr. Guevara Garcia is married, gainfully employed, and his wife is his willing immigration sponsor. *Id*. ¶¶2, 3.

On January 13, 2026, Mr. Guevara Garcia was at work when ICE officers approached him. *Id*. ¶24. Upon discovering that Mr. Guevara Garcia did not presently have any legal status in the United States, the officers obtained an I-200 warrant for

1

Mr. Guevara Garcia's arrest and took him into custody. Dkt. 1-7, p.4.[1] According to DHS, Mr. Guevara Garcia is detained under 8 U.S.C. § 1225(b)(2)(a). *See* Dkt. 7.

Mr. Guevara Garcia filed a Petition for Writ of Habeas Corpus on March 12, 2026, seeking an order from this Court directing Respondents to affect his immediate release or provide him a bond hearing. Dkt. 1. He contends he is subject to detention, if at all, under 8 U.S.C. § 1226(a). *Id.* This Court ordered Respondents[2] to respond to the Petition within five days of service and show cause why it should not be granted based on this Court's previous analysis in *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at \*1 (D. Colo. Dec. 23, 2025). Dkt. 4. Respondents filed their Answer to the Petition on March 23, 2026. Dkt. 7.

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.*

---

[1] This is according to the DHS's I-213 form (Dkt. 1-7), although there is no warrant included in the materials. But because Mr. Guevara Garcia does not contend he was arrested without a warrant, the Court accepts what is represented in form I-213.

[2] "Respondents" refers to Pamela Bondi, the United States Attorney General; Kristi Noem, the Secretary of the United States Department of Homeland Security; George Valdez, the Director of the Denver ICE Field Office; and Juan Baltazar, the Warden of the Aurora Contract ICE Detention Center.

Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

The Court has considered the Petition, the Answer, the various attachments, and the governing law. Because Mr. Guevara Garcia's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

## ANALYSIS

This matter presents a similar factual background and procedural posture to another of the Court's recent cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Aleman Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

In much appreciated candor, Respondents acknowledge that the facts and legal issues in this case are materially indistinguishable from those in *Aleman Hernandez*. Dkt. 7, pp.2-3. Although they disagree with the Court's previous conclusions, they

recognize that the Supreme Court and Tenth Circuit have not yet offered guidance on these legal questions. *Id*. Respondents also cite the Fifth Circuit's recent order in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-508 (5th. Cir. Feb. 6, 2026), wherein that court agreed with Respondents' interpretation of the relevant statutes and they have attached their response brief in *Guiterrez v. Baltazar*, 25-cv-2720-RMR, which explains their positions on these matters. Dkt. 7-1.

As the Court has stated in other of its Orders on the matter, it respectfully disagrees with the Fifth Circuit's opinion and instead adopts District Judge Charlotte N. Sweeney's analysis in *Singh v. Baltazar*, --- F. Supp.3d ---, 2026 WL 352870, at **3-6 (D. Colo. Feb. 9, 2026), wherein she surgically dismantles the Fifth Circuit's reasoning. Like Judge Sweeney, this Court is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez*, *supra*, as though stated fully herein.

Mr. Guevara Garcia has been in the United States for nearly twelve years, and therefore, it cannot be said that he is seeking admission as described under 8 U.S.C. § 1225(b)(2)(A); rather, he is only properly detained under § 1226. *See Aleman Hernandez*, 2025 WL 3718159, at **2-7. To be sure, on Mr. Guevara Garcia's Notice to Appear, the immigration official checked the box stating, "You are [a noncitizen] *present in the United States* who has not been admitted or paroled," rather than the box stating Mr. Guevara Garcia was "an arriving [noncitizen]." Dkt. 1-3, p.1

4

(emphasis added). In addition, the ICE officers obtained and arrested Petitioner on a warrant, a procedure only applicable under § 1226. *See Gomes v. Hyde*, No. 1:25-cv-11571-JEK, 2025 WL 1869299, at *7 (D. Mass. July 7, 2025) ("[T]he plain text of Sections 1225 and 1226, together with the structure of the larger statutory scheme, indicates that Section 1225(b)(2) does not apply to noncitizens who are arrested on a warrant issued by the Attorney General while residing in the United States."). And Mr. Guevara Garcia has been given an authorization to work. Dkt. 1-7, p.4. A noncitizen cannot be given a work authorization, "unless the [noncitizen] *is lawfully admitted* for permanent residence *or otherwise would (without regard to removal proceedings) be* provided such authorization." 8 U.S.C. § 1226(a)(3) (emphasis added).

Because "the Government has affirmatively decided to treat [Petitioner] as being detained under Section 1226(a)[,] it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025). *See also Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023), quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (the "[*SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)] doctrine requires an agency to 'defend its actions based on the reasons it gave when it acted' in the interest of promoting agency accountability, instilling confidence in agency decisions, and maintaining an orderly process of review."). Therefore, Mr. Guevara Garcia's continued detention pursuant to § 1225 is unlawful.

## REMEDY

The Court turns now to the question of relief. In his prayer for relief, Mr. Guevara Garcia requests an order of release or, alternatively, an order compelling a bond hearing. The Court notes, however, that § 1226(a) does not *require* release of those noncitizens arrested on a warrant but instead provides the Department of Homeland Security with the discretion to grant a noncitizen release on bond. 8 U.S.C. § 1226(a). Thus, the Court orders that Petitioner be given a bond hearing before an immigration judge, who—in the first instance—"is better suited to consider whether Petitioner poses a flight risk and a danger to the community. . . ." *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025).

In addition, Mr. Guevara Garcia asks this Court to place the burden of proof at the bond hearing on Respondents and require them demonstrate by clear and convincing evidence that he is a flight risk or a danger to the community. Dkt. 1, ¶¶33-36. Respondents do not directly engage in an analysis of the issue, but rather cite *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 17, 2026), wherein District Judge Philip A. Brimmer noted that the statute's silence regarding burdens of proof in a § 1226(a) bond hearing "did not mean that a court should preemptively fill the gap." *Id*. at *4. Respondents have offered to further brief the issue if the Court decides to address the matter. Dkt. 7, pp.5-6.

The Court will not delay these proceedings by ordering additional briefing on the issue—Respondent's reliance on *De La Cruz* is sufficient to convey their position—

and instead looks to the other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing. To be sure, the Court is particularly persuaded by District Judge Nina Y. Wang's analysis in *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211 (D. Colo. July 2, 2019). Although *Diaz-Ceja* predates those factual scenarios presently inundating district courts nationwide, its analysis is nevertheless applicable to the present case.

In *Diaz-Ceja*, Judge Wang undertook an exquisitely detailed and thoughtful analysis of this issue. After reviewing the relevant authority, including BIA decisions, Supreme Court precedent, and decisions from other courts across the country, Judge Wang took note of the burdens and protections applicable in non-immigration contexts. 2019 WL 2774211, at **6-8. Specifically, under the Bail Reform Act—which governs non-punitive pre-trial detentions in criminal proceedings—the government "must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *United States v. Salerno*, 481 U.S. 739, 750, (1987). *Cf. Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (in the context of detention for those found seriously mentally ill, striking down a provision placing the burden on the detainee to rebut a presumption of insanity). Judge Wang then engaged in a through due process balancing analysis[3] and concluded the burden of persuasion should be placed on the

---

[3] Judge Wang applied the due process framework applicable to involuntary civil detention pending trial or mental health treatment, where she considered the parties' respective interests and whether the existing process balanced and protected the two.

government. *Diaz-Ceja*, 2019 WL 2774211, at \*\*9-10. This Court follows suit.

Doing that due process analysis here, at the outset, there is no question that Mr. Guevara Garcia has a significant interest at stake. Freedom from physical detention "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (directing courts, when assessing the first *Mathews* factor, to consider only the petitioner's interests at stake in ongoing detention without consideration of the respondents' justifications for the detention). Despite not being accused of any crime, Petitioner is being held in a detention facility that "strongly resemble[s] penal confinement," *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 940 (D. Colo. 2025), is away from his family, and is unable to maintain any employment. Thus, the first *Matthews* factor favors Mr. Guevara Garcia.

Turning to the second *Mathews* factor—the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards—the Court finds that requiring Mr. Guevara Garcia to bear the burden would create a great risk of erroneous deprivation. In this instance, it is not clear whether Mr. Guevara Garcia would have representation at his bond hearing, but even if he did, he would still face the difficulty in proving a negative. To be sure, "proving a negative (especially a lack of danger) can

---

*Diaz-Ceja*, 2019 WL 2774211, at \*9. In a recent case, Judge Wang applied the *Mathews v. Eldridge*, 424 U.S. 319 (1976) framework, but observed that the *Mathews* test was functionally equivalent to that applied in involuntary detention cases. *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at \*13 n.4 (D. Colo. Dec. 17, 2025). This Court also applies the *Mathews* framework.

often be more difficult than proving a cause for concern." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1183–84 (D. Colo. 2024) (quoting *Hernandez-Lara v. Lyons*, 10 F.4th 19, 31 (1st Cir. 2021)). By contrast, the government has substantial resources and "the Court has no reason to doubt that information establishing those risks is within the Government's possession and control." *Vizguerra-Ramirez*, 2025 WL 3653158, at *14.

Finally, the Court considers "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Although the Court does not have argument from the Respondents on this factor, it "discerns no significant administrative or fiscal burden associated with placing the burden of proof with the Government." *Vizguerra-Ramirez*, 2025 WL 3653158, at *14. The additional cost, if any, from shifting the burden of proof to the government is negligible. *See Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) ("[The administrative burden of a bond hearing is minimal.").

Based on the foregoing, the Court finds that placing the burden on Mr. Guevara Garcia to prove he should be released would assign the risk of error to the party with the greater interest. Doing so would contravene due process, and therefore, the Government must bear the burden of proof.

As to the applicable burden, the Court is again persuaded by the analysis in *Diaz-Ceja*, and finds that the appropriate standard mirrors that required under the Bail Reform Act: "The government must prove risk of flight by a preponderance of the

evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *Diaz-Ceja*, 2019 WL 2774211, at \*11 (cleaned up) (quoting *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)). The Court "finds no persuasive justification to conclude that [a] noncitizen must face different standards for the same actions, depending upon the forum, i.e., an administrative charge for removal versus a criminal charge of illegal reentry." *Id.*[4] *See also Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936, at \*3 (D. Colo. Nov. 14, 2025) ("There is, likewise, no reason that the government should bear a greater burden depending on the forum for detention in relation to the same actions.").

\*    \*    \*

For the reasons shared above, Emerson Adalberto Guevara Garcia's Petition for Writ of Habeas Corpus is **GRANTED**[5] and the Court **ORDERS** as follows:

1. Mr. Guevara Garcia is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

---

[4] In *Vizguerra-Ramirez*, 2025 WL 3653158, Judge Wang was persuaded by the more recent weight of authority requiring the government to demonstrate *both* flight risk and danger to the community by clear and convincing evidence. *Id.* at \*15. This Court, however, remains persuaded by her original conclusion that the Bail Reform Act provides the appropriate standard. *See Barreno*, 2025 WL 3190936, at \*3.

[5] To the extent Petitioner's Counsel seeks an award of attorney's fees, she must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

2. Respondents shall provide Mr. Guevara Garcia with a bond hearing under 8 U.S.C. § 1226(a) within SEVEN DAYS of the date of this Court's order.

3. At the hearing Respondents shall bear the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence.

4. Respondents shall file a status report within TEN DAYS of the date of this Court's order to certify compliance. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

DATED: March 26, 2026.

BY THE COURT

S. Kato Crews
United States District Judge

11